## CROMWELL GOFF *versus* ENOCH FOWLER.

A license granted by the Court of Sessions is valid, and will protect the person li-
censed, notwithstanding the anterior proceedings may have been irregular.

Any building used for the common purposes of an inn and situated within its curtilage,
is a "dependency" of such inn, within the meaning of *St.* 1786, *c* 68 [1]

THIS was an action of debt for penalties alleged to have
been incurred by the defendant under *St.* 1786, *c.* 68, regu-
lating licensed houses. Plea, the general issue.

The defendant admitted that he kept an inn and a store in
Rehoboth, and that he sold various distilled spirits in them, as
alleged in the writ, but he contended that he had been duly
licensed so to do.

It appeared that he was licensed as an innholder; but the
plaintiff insisted that the license was void, because the certifi-
cate of the selectmen of Rehoboth did not conform to the
statute (§ 2), but merely recommended the defendant "as
being a suitable person to receive a license."

The plaintiff objected also, that the license did not extend
to the store; but the defendant contended that he had a right
to sell by retail, as well in his store as in his dwellinghouse, on
the ground that the store was a *dependency* of the house,
within the meaning of the statute. The store stood between
two and three rods from the house, and between the house
and a shed used for the accommodation of travellers. The
store and shed were contiguous and served in part to enclose
the defendant's field in which his house was situated. The
upper story of the store was sometimes used by the defendant
as a dining-hall on muster days and at other times, and beds
were set up in it for occasional use.

Upon these facts *Wilde* J. directed a nonsuit, subject to
the opinion of the whole Court.

The cause was argued by *H. Cushman* for the plaintiff, and
Cobb for the defendant.

PARKER C. J. delivered the opinion of the Court. The
objection to the license on the ground that the certificate of the
selectmen was not conformable to the statute, we think ought

*Nov. 16th.*

*April term
1826, at
Taunton.*

See Revised Stat. *c.* 47, § 9.

Goff
v.
Fowler.

not to prevail. The act of the Court of Sessions, in granting the license, is, we think, conclusive, and ought not to be vacated on account of the informality of anterior proceedings. It is the duty of that court to inspect such certificates and adjudicate thereon, and they are the proper judges of their sufficiency. It would be laying a snare for persons who obtain a license and pay the excise thereon, to leave them subject to prosecution for keeping an inn without license, by allowing any informer to unravel the proceedings of the court in order to detect some irregularity therein.*

We think also the facts reported show that the acts complained of were lawful under the defendant's license, the place where the liquors were sold being a dependency of the house which was licensed. We might suppose that the legislature, by the word *dependency*, intended some building detached from the house, otherwise the word was wholly useless, for the word *house* would comprehend outhouses and appurtenances connected therewith.[1] It was without doubt supposed that it might be convenient, if not necessary, for some innholders to have more than one building for the accommodation of different sorts of travellers upon the road, and that sometimes the common bar-room might be more conveniently kept in a building separate from that which is used for the refreshment and repose of quiet travellers, in order that teamsters and others travelling in the night may be accommodated with refreshment, without disturbing those who have betaken themselves to sleep ; so that any building used for the common purposes of a tavern, situated within the curtilage of the dwellinghouse, we think, is privileged by the license, as a dependency of the common inn or tavern-house. The store in which the liquors were sold was so connected with the inn as to be within the curtilage, and so a dependency.

*Nonsuit made absolute.*

---

* See *Commonwealth* v. *Bolkom, ante,* 281.
[1] See 3 Chitty's Crim. Law, (3d Am. ed ) 1103 to 1106, and notes.